UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CIARA BOOTHE, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                  Case No.: 3:18-cv-00702

ANDRADE'S CLEAN UP, INC.,
THE BEST TURN, INC. d/b/a
ANDRADE'S CLEAN UP, and
JORGE ANDRADE, individually,

    Defendants.
_____/

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, CIARA BOOTHE ("Plaintiff"), on behalf of herself and all others similarly situated, hereby sues Defendants, ANDRADE'S CLEAN UP, INC., THE BEST TURN, INC. d/b/a ANDRADE'S CLEAN UP, and JORGE ANDRADE, individually, ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Tennessee, Nashville Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, ANDRADE'S CLEAN UP, INC., is a Georgia Profit Corporation, authorized and doing business in this Judicial District. Andrade's Clean Up, Inc.'s principal place of business is 4141 N. Arnold Mill Road, Woodstock, Georgia 30188.

4. Defendant, THE BEST TURN, INC. d/b/a ANDRADE'S CLEAN UP, is a Georgia Profit Corporation, authorized and doing business in this Judicial District. The Best Turn, Inc.'s principal place of business is 2905 Holbrook Campground Road, Alpharetta, Georgia 30004.

5. Defendant, JORGE ANDRADE, was/is a corporate officer/director of Defendants with operational control and direct control over the day-to-day operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

6. Plaintiff, is an adult and a resident of Rutherford County, Tennessee.

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendants willfully violated the Fair Labor Standards Act.

9. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

11. From approximately September of 2017 to May 26, 2018, Plaintiff was employed with Defendants as a Truck Driver. Plaintiff primarily hauled trash from construction sites to dumps/landfills within the State of Tennessee.

12. Plaintiff was not engaged in interstate commerce and did not drive her loads outside of the State of Tennessee during her workdays.

13. Plaintiff was paid $150.00 per day flat rate despite the number of hours that she worked.

14. Plaintiff worked approximately 55-65 hours per week, and she was not paid time and one-half her regular rate of pay for all hours worked over 40 in a work week.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

15. Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16.. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

17. Defendants, ANDRADE'S CLEAN UP, INC., THE BEST TURN, INC. d/b/a ANDRADE'S CLEAN UP, are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

18. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

19. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

20. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

21. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

22. Defendants knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

23. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

24. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

25. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, CIARA BOOTHE, respectfully requests that judgment be entered in her favor against Defendants, ANDRADE'S CLEAN UP, INC., THE BEST TURN, INC. d/b/a ANDRADE'S CLEAN UP, and JORGE ANDRADE, individually, awarding the following damages:

    a. Overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Liquidated damages in an amount equal to the overtime award;

    c. Prejudgment interest;

    d. Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

    f. Any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (COLLECTIVE ACTION)

27. Plaintiff alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

28. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of herself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

29. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

30. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in hourly, non-exempt positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked.

31. The putative class members are current, former, and future hourly, non-exempt employees of Defendants who worked as Truck Drivers or similar positions and worked in excess of forty hours in at least one work week during the past three (3) years.

32. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

33. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

34. Defendants failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendants unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, CIARA BOOTHE, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

    a. Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

    b. Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

    c. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    d. An adjudication on the merits of the case; and

    e. Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

36. Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury.

Dated this 19th day of December, 2018.

**FLORIN GRAY BOUZAS OWENS, LLC**

**/s/ Hunter A. Higdon**
**HUNTER A. HIGDON, ESQ.**
BPR No.: 35546
hunter@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone: (727) 254-5255
Facsimile: (727) 483-7942
*Trial Attorney for Plaintiff*

Page **6** of **6**

Case 3:18-cv-00702   Document 18   Filed 01/10/19   Page 6 of 6 PageID #: 52