IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CIARA BOOTHE, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) ) ANDRADE'S CLEAN UP, INC., ) THE BEST TURN, INC. d/b/a ) ANDRADE'S CLEAN UP, and ) JORGE ANDRADE, individually, ) ) Defendants. ) | Case No.: 3:18-cv-00702<br><br>JURY DEMAND<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

**DEFENDANTS' ANSWER TO SECOND AMENDED
COLLECTIVE ACTION COMPLAINT**

Defendants Andrade's Clean Up, Inc. ("Andrade's Clean Up"), The Best Turn, Inc. d/b/a Andrade's Clean Up ("The Best Turn"), and Jorge Andrade ("Andrade") (collectively referred to "the Defendants") hereby file this Answer to Plaintiff's Second Amended Collective Action Complaint ("Second Amended Complaint") and states:

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent that these allegations are deemed to be allegations of fact, Defendants do not contest jurisdiction, but deny that any acts or omissions occurred that support the allegations in the Second Amended Complaint.

2. The allegations in Paragraph 2 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent that these allegations are

deemed to be allegations of fact, Defendants do not contest venue, but deny that any acts or omissions occurred that support the allegations in the Second Amended Complaint.

## PARTIES

3. Admitted that Andrade's Clean Up, Inc. is a Georgia Profit Corporation, with a principal office address of 4141 N. Arnold Mill Road, Woodstock, Georgia 30188. Any allegations that are inconsistent with or exceed the scope of the foregoing statement are denied.

4. Admitted that The Best Turn is a Georgia Profit Corporation, with a principal office address of 2905 Holbrook Campground Road, Alpharetta, Georgia 30004. Any allegations that are inconsistent with or exceed the scope of the foregoing statement are denied.

5. Admitted that Jorge Andrade was/is a corporate office/director of Defendants. Any allegations that are inconsistent with or exceed the scope of the foregoing statement are denied.

6. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Second Amended Complaint regarding Plaintiff's residency and therefore denies them.

7. Denied.

## GENERAL ALLEGATIONS

8. Denied.

9. The allegations in Paragraph 9 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent that these allegations are deemed to be allegations of fact, they are denied.

10. Defendants admit that Plaintiff has requested a jury trial in this matter.

## FACTUAL ALLEGATIONS

11. Defendants admit that Plaintiff contracted with The Best Turn on September 25, 2017, and the contractual relationship between Plaintiff and The Best Turn terminated on May 26, 2018. Defendants further admit that Plaintiff primarily removed trash from construction sites to dumps/landfills. Any allegations that are inconsistent with or exceed the scope of the foregoing statements are denied.

12. Denied that Plaintiff was not engaged in interstate commerce. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Second Amended Complaint regarding locations where Plaintiff drove.

13. Denied.

14. Denied.

## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

15. Defendants incorporate their responses to Paragraphs 1-14 of the Second Amended Complaint as if fully stated herein.

16. Defendants deny that Plaintiff is entitled to any relief under 29 U.S.C. § 216(b). Any allegations that are inconsistent with or exceed the scope of the foregoing statements are denied.

17. The allegations of Paragraph 17 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

3

18. The allegations of Paragraph 18 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

19. Denied.

20. Denied

21. The allegations of Paragraph 21 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

22. Denied.

23. The allegations of Paragraph 23 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

24. Denied.

25. The allegations of Paragraph 25 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

26. The allegations of Paragraph 26 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied. Defendants deny that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint.

4844-0057-2046
2947582-000001

## FAIR LABOR STANDARDS ACT (COLLECTIVE ACTION)

27. Defendants incorporate their responses to Paragraphs 1-26 of the Complaint as if fully stated herein.

28. The allegations of Paragraph 28 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

29. The allegations of Paragraph 29 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

30. Admitted that Plaintiff, and all others similarly situated, allege violations of the Fair Labor Standards Act ("FLSA"). Any allegations that are inconsistent with or exceed the scope of the foregoing statements are denied.

31. The allegations of Paragraph 31 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

32. The allegations of Paragraph 32 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

33. The allegations of Paragraph 33 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

34. The allegations of Paragraph 34 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

35. The allegations of Paragraph 35 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied. Defendants deny that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint.

## **DEMAND FOR JURY TRIAL**

36. Defendants admit that Plaintiff has requested a jury trial in this matter.

37. All allegations in Plaintiff's Second Amended Complaint not expressly admitted or denied above are hereby denied.

## **ADDITIONAL DEFENSES**

Without admitting or suggesting that they bear the burden of proof on any of the following issues, Defendants assert the following additional or affirmative defenses to Plaintiff's Second Amended Complaint:

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or part, by the applicable statute of limitations.

3. Defendants invoke the defenses, protections, and limitations of the FLSA.

4. To the extent Plaintiff is found to be an employee under the FLSA, she was exempt from the overtime provisions of the FLSA under the Motor Carrier Act exemption.

6

5. Plaintiff was properly paid in compliance with the FLSA.

6. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

7. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

8. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e., "hours worked" under the FLSA.

9. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged in work.

10. Plaintiff is not entitled to liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

11. Plaintiff's action is barred because she seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

12. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

13. Without assuming the burden, Plaintiff and other members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

14. To the extent that Plaintiff has failed to take reasonable steps to mitigate her alleged damages, any claim for monetary relief must be reduced in an amount equal to the amount of damages that could have been avoided.

15. Plaintiff's claims may be barred by the doctrine of waiver, estoppel, and/or laches.

16. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

17. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

18. Plaintiff's Second Amended Complaint may be barred by additional affirmative or other defenses, including those contemplated by Federal Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Defendant therefore reserves the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants request judgment in their favor and against Plaintiff for its reasonable attorneys' fees and costs incurred in the defense of this action, and for any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Megan Sutton
Mark A. Baugh, BPR No. 015779
Megan Sutton, BPR No. 029419
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
mbaugh@bakerdonelson.com
msutton@bakerdonelson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2019, a copy of the foregoing *Defendants' Answer to Second Amended Collective Action Complaint* was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for parties may access these filings through the Court's electronic filing system:

Hunter A. Higdon, BPR No. 035546
FLORIN GRAY BOUZAS OWENS, LLC
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
hhigdon@fgbolaw.com

*Attorney for Plaintiff*

/s/ Megan Sutton
Megan Sutton

9

4844-0057-2046
2947582-000001
Case 3:18-cv-00702   Document 30   Filed 04/05/19   Page 9 of 9 PageID #: 94